## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| Zachary Boyd, | ) | Case No. 05 B 09779 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| Devonne Gray and Bernice Gray, | ) | Adv. No. 05 A 01406 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Honorable John D. Schwartz |
| Zachary Boyd, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

This matter comes before the court on the motion to dismiss the complaint filed by the debtor and defendant, Zachary Boyd ("Boyd").

### Background

On March 17, 2005 ("Petition Date"), Boyd filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (11 U.S.C. §§101, *et seq.*). On June 7, 2005, Devonne Gray and Bernice Gray (collectively, "Gray") filed the complaint commencing this adversary proceeding pursuant to §523(a)(4) of the Bankruptcy Code. In it, Gray alleges that Boyd, who is their landlord, commingled their security deposit with his personal assets in violation of the Chicago Residential Landlord Tenant Ordinance. Gray also alleges that Boyd admitted in a state court action that he breached his fiduciary duty to Gray.

## Discussion

Generally, federal pleading standards require a plaintiff to do no more than "state the nature of the claim; details can wait for later stages, such as an evidentiary hearing ... or summary judgment ..." Alliant Energy Corp. v. Bie, 277 F.3d 916, 919 (7th Cir. 2002). Moreover, the court must take as true all well pleaded material facts in the complaint, and must view these facts and all reasonable inferences which may be drawn from them in a light most favorable to the plaintiff. See Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir. 1995); Infinity Broadcasting Corp. of Illinois v. Prudential Ins. Co. of America, 869 F.2d 1073, 1075 (7th Cir. 1989); Corcoran v. Chicago Park Dist., 875 F.2d 609, 611 (7th Cir.1989); Marmon Group, Inc. v. Rexnord, Inc., 822 F.2d 31, 34 (7th Cir.1987).

Nevertheless, the Seventh Circuit has emphasized that "[d]espite their liberality on pleading matters ... the federal rules still require that a complaint allege facts that, if proven, would provide an adequate basis for each claim." Gray v. Dane County, 854 F.2d 179, 182 (7th Cir. 1988). A complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992). Furthermore, "[e]ach averment of a pleading shall be simple, concise and direct." Rule 8(e) of the Fed. R.Civ.P., made applicable in adversary proceedings by Fed.R. Bankr.P. 7008.

Gray has failed to set forth each averment of the complaint in a simple, concise and direct manner. By pleading its complaint in lengthy paragraphs, Gray has not complied with the federal pleading rules and has made answering the complaint difficult for Boyd. Boyd's motion to

dismiss will be granted without prejudice to Gray to file an amended complaint.[1]

## Conclusion

For the foregoing reasons, the motion to dismiss will be granted.

ENTERED:

Date: December 21, 2005

John D. Schwartz
United States Bankruptcy Judge

---

[1] Boyd's motion to dismiss and Gray's response argue back and forth about whether Boyd's late response to a Request to Admit in state court constitutes an admission for the purposes of this bankruptcy case. That issue goes to proving (not pleading) the cause of action and has been raised prematurely here.